UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW GUIDRY, DO, LtCol,
USA (ret),

     Plaintiff,

v.                                                   Case No.:  2:21-cv-769-SPC-NPM

CENTERS FOR MEDICARE AND
MEDICAID SERVICES,

     Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Centers for Medicare and Medicaid Services' Motion to Dismiss Complaint (Doc. 18), along with pro se Plaintiff Dr. Andrew Guidry's response in opposition (Doc. 21).  For the below reasons, the Court grants the Motion.

## BACKGROUND[2]

This case is about Medicare recoupment.  Plaintiff is a medical doctor licensed to practice in Florida.  But that wasn't always the case.  In November

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court treats the factual allegations in the Complaint as true and construes in Plaintiff's favor.  *See* Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).

2012, Plaintiff's license was suspended.  He challenged the suspension in state court.  The court first stayed the suspension in December 2012.  (Doc. 1-4).  But the victory was short-lived.  The court ultimately affirmed Plaintiff's suspension ten months later.  (Doc. 1-5).  So it wasn't until May 2014 before Plaintiff could return to medicine under an active license.  Yet Plaintiff's troubles didn't end there.

Since January 2016, Defendant has tried to recoup over $39,000 in Medicare overpayments made to Plaintiff.  Attached to the Complaint is a letter dated April 21, 2016, that First Coast Service Options, Inc., the relevant Medicare administrator, sent summarizing the overpayments.  (Doc. 1-3). Here's what the letter says:  Defendant told First Coast that Plaintiff's license was suspended from November 27, 2012, to June 26, 2013.  Because First Coast's records showed that Plaintiff billed Medicare during that time, Defendant requested that an overpayment be calculated and demanded repayment.  That's how First Coast identified 465 account receivables totaling $39,909.87, which triggered the offsetting.

Plaintiff now sues Defendant, asking the Court to order the agency to return the recouped funds and to stop new recoupment efforts.  (Doc. 1 at 1; Doc. 1-2 at 1).  Defendant moves to dismiss this suit because Plaintiff hasn't completed the administrative appeals process.  (Doc. 18).

## STANDARD OF REVIEW

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *See Pielage*, 516 F.3d at 1284. But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). And courts must liberally construe pro se filings and hold them to less stringent standards than papers that attorneys file. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

To provide context to Plaintiff's claims, an overview of the Medicare payment and recoupment process is needed. Recoupment is how the federal government accounts for overpayments of Medicare funds made to medical providers like Plaintiff. Generally, the government recoups its loss by

3

withholding from future Medicare payments made to a provider.  *See* 42 C.F.R.
§ 405.370(a).  The Eleventh Circuit has aptly described how overpayments are
discovered:

> [C]arriers, [like First Coast,] typically authorize payment
> on claims immediately upon receipt of the claims [from a
> supplier like Plaintiff], so long as the claims do not contain
> glaring irregularities.   Later, carriers conduct post-
> payment audits to verify that the payments were proper.
> *See* 42 U.S.C. § 1395u; 42 C.F.R. § 421.200(a)(2).  When the
> carrier discovers that an overpayment has occurred, the
> carrier may suspend or recoup payment.   42 C.F.R.
> § 405.371(a).
>
> A supplier dissatisfied with the carrier's resolution of a
> claim may appeal the decision through a designated
> administrative appeals process.  42 U.S.C. § 1395ff(b)(1)(A)
> (incorporating by reference the appeals process under the
> Social Security Act, 42 U.S.C. § 405(b)).  After exhausting
> this administrative process, the supplier may seek judicial
> review   by   a   federal   district   court.   42   U.S.C.
> § 1395ff(b)(1)(A) (incorporating by reference the judicial
> review available under the Social Security Act, 42 U.S.C.
> § 405(g)).

*Gulfcoast Med. Supply, Inc. v. Sec'y, Dep't of Health & Hum. Servs.*, 468 F.3d
1347, 1349 (11th Cir. 2006).

Pertinent here, the administrative process includes an administrative
law judge ("ALJ") who decides a provider's challenge to an overpayment.  If the
provider succeeds, then the government must return the money collected plus
interest to the provider.  *See* 42 U.S.C. § 1395ddd(f)(2)(B).  But the opposite
result requires the provider to appeal.

A provider who is unhappy with the ALJ's decision may request the Medicare Appeals Council to review the case.  *See* 42 C.F.R. § 405.904(a)(2). The Council then issues its decision.  Because the Council is the final level of the process, a dissatisfied provider may sue in federal district court "within sixty days after the mailing to him of notice of such [final agency] decision[.]" 42 U.S.C. § 405(g); 42 C.F.R. § 405.1130 ("A party may file an action in a Federal district court within 60 calendar days after the date it receives notice of the Council's decision.").  Plaintiff participated in this administrative appeals process—or at least partly.

According to the Complaint, an ALJ dismissed his challenge to an overpayment on June 30, 2020. (Doc. 1 at 1, ¶ 6).  Plaintiff interprets the ALJ's decision to have "finally clear[ed] the way for Civil Action against [Defendant]." (Doc. 1 at 1, ¶ 6).  But the ALJ's adverse decision only offered Plaintiff for a chance for additional *administrative* review, not judicial review.  And the Complaint does not mention any final agency decision by the Medicare Appeals Council.  Without such allegation, the Court cannot find that Plaintiff has exhausted his administrative remedies to pursue this suit.  Even if the ALJ's decision somehow reflects a final agency determination, Plaintiff filed the Complaint long after the sixty-day limitations requirement.

Plaintiff argues because Defendant's recoupments efforts are ongoing and it has started new recoupment efforts, this case falls within the sixty-day

window. (Doc. 18). The argument is a nonstarter. First, Defendant's collection efforts don't matter for the sixty-day window. What triggers the window is the date the provider receives notice of the Council's decision, and the Complaint alleges that date to be June 30, 2020. Second, to the extent that Defendant has started new recoupment efforts, the Complaint makes no allegation that Plaintiff challenged those efforts through the administrative review process.

In conclusion, the Complaint fails to state a claim upon which relief can be granted. Although the Court will grant Defendant's Motion to Dismiss, it will allow Plaintiff a chance to amend the Complaint because of his pro se status and out of an abundance of caution.[3]

Accordingly, it is now

**ORDERED:**

Defendant Centers for Medicare and Medicaid Services' Motion to Dismiss Complaint (Doc. 18) is **GRANTED**.

1. The Court **dismisses without prejudice** the Complaint.

2. Plaintiff has until on or before **April 14, 2022,** to file an amended complaint.  **Failure to do so may cause the Court to close this case without further notice.**

---

[3] If Plaintiff elects to amend the Complaint, then he must name the Secretary of the Department of Health and Human Services in his official capacity as the named defendant, and not the Center for Medicare and Medicaid Services. *See* 42 C.F.R. § 405.1136(d)(1) ("In any civil action . . . the Secretary of HHS, in his or her official capacity, is the proper defendant.").

**DONE** and **ORDERED** in Fort Myers, Florida on April 1, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record